IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

In Re: John Lafitte Airboat Rides, LLC et al     CV 10:1474
                                                                                         Judge Africk
                                                                                         Mag Judge Chasez

**ANSWER TO COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY AND CLAIMS FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel come **Scott and Sharon Smith, residents of the State of California** (individuals herein) who file the following Answer and Defenses in regard to the Verified Complaint for Exoneration from or Limitation of Liability filed herein.

**ANSWER TO COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY**

I.

The allegations contained in Paragraph 1 are admitted.

II.

The allegations contained in Paragraph 2 are admitted.

III.

The allegations contained in Paragraph 3, 4, 5 are denied for lack of information upon which to justify a belief.

IV.

The allegations contained in Paragraph 6 are specifically denied. It if further alleged that petitioner failed to use due diligence to make its crew boat seaworthy, tight, staunch, and strong in all respects.

V.

The allegations contained in Paragraph 7 are admitted.

VI.

The allegations contained in Paragraph 8 are denied for lack of sufficient information upon which to justify a belief.

VII.

The allegations contained in Paragraph 9 are denied for lack of sufficient information upon which to justify a belief.

VIII.

The allegations contained in Paragraph 10 are specifically denied. It is further alleged that petitioner was negligent in causing or contributing to the subject accident and injuries and death sustained by the individuals herein. The unseaworthy conditions aboard the vessel further caused and contributed to the said incident. Finally, it is specifically denied that petitioner is entitled to exoneration from all liability.

IX.

The allegations contained in Paragraph 11 are specifically denied. The individuals herein assert that petitioner had previous knowledge and was with privity of the disrepair and

unseaworthy condition of the subject vessel.  Petitioner is not entitled to exoneration nor is petitioner entitled to limit its liability to value of the crew boat at the time of the incident.

X.

The allegations contained in Paragraph 12 are specifically denied.

XI.

The allegations contained in Paragraph 13 are denied.  Furthermore, the individuals herein specifically assert that the Flotilla Doctrine applies such that the value of all vessels involved in the completion or performance of the subject contract must be surrendered to the Limitation Fund in order for petitioner to further pursue this limitation proceeding.

XII.

The allegations contained in Paragraph 14 are denied. .

XIII.

The allegations contained in Paragraph 15 are denied.

**AFFIRMATIVE DEFENSES**

Furthermore, the individuals herein specifically assert the following affirmative defenses to petitioner's Complaint for Exoneration from or Limitation of Liability.

XIV.

The individuals herein specifically assert that the Flotilla Doctrine applies to the extent that the Complaint for Exoneration from or Limitation of Liability would be considered by this Court.  Under the Flotilla Doctrine, the value of any fund herein must

include the value of all vessels involved in the completion or performance of the contract which was being performed by petioner at the time of the subject accident. To the extent petioner has failed to tender the value of all vessels herein, this Complaint for Exoneration from or Limitation of Liability is deficient on its face and should be dismissed on its own Motion by this Court at this time.

XV.

The individuals herein further allege that the Limitation of Liability Act does not apply as petitioner breached a duty relating to providing proper equipment in operation of the vessel.

XVI.

The individuals herein further assert the right to file a direct action against any applicable insurers of petitioner. To the extent such insurers have not protected and/or limited their exposure pursuant to *Crown Zellerbach Corp. v. Ingram Industries, Inc.*, 783 F.2d 1296 (5th Cir. 1986), such insurers are responsible for all damages herein.

XVII.

The individuals herein further reserve any and all additional defenses as well as exceptions to the Limitation of Liability Act as may be more fully developed through further discovery. Further, the individuals herein reserve the right to amend these affirmative defenses at a later date if necessary.

## CLAIMS FOR DAMAGES

The individuals herein further appear as claimants in this proceeding (under protest and specifically with reservation of all defenses as enumerated above) and assert the following claims:

XX.

As a direct result of the accident and negligence of **Petioner** including the unseaworthiness of the vessel, claimants Scott and Sharon Smith suffered the following the damages:

      1.    Past and future emotional damages;

      2.    Past and future physical pain and suffering relating to injuries sustained in the accident;

      3.    Past and future medical expenses;

      4.    Past and future loss of wages, fringe benefits and wage earning capacity;

      5.    Loss of personal items and other damages; and

      6.    All other damages as will be shown at trial.

**WHEREFORE, Scott and Sharon Smith** hereby Answer the Complaint for Exoneration from or Limitation of Liability as stated above, assert affirmative defenses as further stated above, file claims in this proceeding, and pray that the exoneration be denied.

**FURTHERMORE**, **Scott and Sharon Smith** further pray:

(1)　　That the Flotilla Doctrine immediately be applied by this Court and the Court require petioner to increase the value of this fund to include the value of all vessels involved in the subject contract with penalty of failure being the immediate dismissal of this Complaint for Exoneration from or Limitation of Liability;

(2)　　To the extent any insurers of petioner are not subject to the Limitation Act, the individuals herein seek to pursue their claims under the Louisiana Direct Action Statute directly against such insurers beyond the stay in this matter.

Respectfully Submitted,

*s/Timothy J. Young*
TIMOTHY J. YOUNG (22677)
ROBERT J. YOUNG, JR (13763)
JASON MACFETTERS (29617)
The Young Firm
400 Poydras Street, Suite 2090
New Orleans, Louisiana 70130
Telephone (504) 680-4100
Facsimile (504) 680-4101

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on all counsel of record by electronic means or depositing same in the U.S. Mail, postage prepaid and properly addressed this 17th day of September 2010.

*s/Timothy J. Young*
**TIMOTHY J. YOUNG**